# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LINDA PATTERSON, | Case No. 2:18-cv-01951-BNW |
| Plaintiff | |
| v. | **ORDER** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant | |

This matter was referred to the undersigned magistrate judge on consent under 28 U.S.C. § 636(c). (ECF No. 22.) The case involves review of an administrative action by the Commissioner of Social Security denying Plaintiff Linda Patterson's application for disability insurance benefits and supplemental security income under Title XVI of the Social Security Act. The court reviewed Plaintiff's motion for reversal or remand (ECF No. 13), filed March 11, 2019, and the Commissioner's response and counter-motion to affirm (ECF Nos. 19, 20), filed June 18, 2019. Plaintiff did not file a reply.

**I.     BACKGROUND**

   **1.     Procedural History**

1 | On February 11, 2015, Plaintiff applied for supplemental security income under Title XVI of the Act, alleging an onset date of December 24, 2014. AR[1] 214-19. Plaintiff's claim was denied initially and on reconsideration. AR 143-48; 152-56. A hearing was held before an Administrative Law Judge ("ALJ") on March 20, 2017. AR 46-78. On October 12, 2017, the ALJ issued a decision finding that Plaintiff was not disabled. AR 28-39. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review. AR 3-8. On October 10, 2018, Plaintiff commenced this action for judicial review under 42 U.S.C. § 405(g). (*See* ECF No. 1.)

## II. DISCUSSION

### 1. Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53

---

[1] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 12)).

F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Commissioner of Social Security*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### 2. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The individual must also provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the

Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires that the ALJ determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meets or equals the criteria of a

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

listing and the duration requirement, 20 C.F.R. § 404.1509, then a finding of disabled is made. *Id*. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

The SSA must follow a special technique to evaluate mental impairments at steps two and three. *Id*. § 404.1520a. The special technique requires that the ALJ substantiate the presence of a medically determinable impairment using pertinent symptoms, signs, and laboratory findings, and then to rate the degree of functional limitation that results from the mental impairment in four broad categories: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. *Id.* § 404.1520a(b)-(c). If the degree of limitation in the first three categories is none or mild, and the claimant has no episodes of decompensation of extended duration, then the claimant's mental impairment is not severe, and the analysis proceeds. *Id.* § 404.1520a(d)(1).

Before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See id.* § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within

the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and perform a SGA. *Id.* §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. *Id.* § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

Here, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 24-33.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. AR 31.

At step two, the ALJ found that Plaintiff had the following medically determinable "severe" impairments: degenerative disc disease of the cervical and lumbar spine, peripheral neuropathy, COPD status post thoracotomy and left lobectomy, and organic mental disorder. *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

Before proceeding to step four, the ALJ determined that Plaintiff had the residual functional capacity to perform light work, except that she can stand or walk for six hours in an eight-hour workday, sit for six hours in an eight-hour workday, frequently climb ramps and stairs and balance but never climb ladders, ropes, or scaffolds. She can occasionally stoop, kneel, crouch, and crawl. She can frequently perform handling with the upper right extremity. She can perform work with no concentrated exposure to extreme temperatures, vibrations, fumes, odors,

dusts, or gases. She can perform work with no concentrated exposure to hazards such as unprotected heights or dangerous moving machinery. She can perform unskilled work. AR 33-34. Importantly, the ALJ did not include any limitations related to using a cane in Plaintiff's RFC.

At step four, the ALJ found that Plaintiff was unable to perform any PRW. AR 37.

At step five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. AR 38. Accordingly, the ALJ concluded Plaintiff was not under a disability since her application was filed on February 10, 2015. AR 39.

**3.  Analysis**

    **a.  Whether the ALJ Erred by Not Include Cane Usage in Plaintiff's RCF**

        **i.  The Parties' Arguments and the ALJ Decision**

Plaintiff argues that the ALJ erred in considering Plaintiff's need to use a cane.

Dr. Cabaluna examined Plaintiff and filled out a questionnaire about her use of a cane. AR 447. Given the options of a cane being (1) not medically necessary, (2) not necessary for short distances on level surfaces, and (3) medically necessary, Dr. Cabaluna checked the second box. *Id.*

The ALJ did not include any limitations related to the use of a cane in her RFC. AR 33-34. While the ALJ did not dispute that Plaintiff used a cane, she questioned whether Plaintiff needed to use a cane. AR 36-37. The ALJ concluded that Plaintiff did not need to (cane usage was not a limitation that needed to be included in the RFC) because (1) Plaintiff used it for knee pain but her knee was fairly normal;[3] and (2) Dr. Cabaluna opined that a cane was not needed for short distances on a level surface. AR 36-37.

Plaintiff argues that the ALJ erred by not including Plaintiff's need to use a cane for longer distances in her RFC and questions to the vocational expert. (ECF No. 13 at 8-9.) According to Plaintiff, the ALJ's reasons for determining that she did not need to use a cane were

---

[3] The ALJ noted the following about Plaintiff's knee: an x-ray of her knee in October 2015 showed minimal patellar degenerative enthesopathy and an otherwise normal knee; bony alignment and mineralization were normal; joint spaces were preserved; there was no evidence of a fracture or definitive evidence of knee joint effusion; there was a small traction spur on the superior patella; Plaintiff's records did not show any procedures on her knee and she reported only "some pain" in her knee. AR 36-37.

both flawed. First, regarding her knee being fairly normal, Plaintiff argues that she used a cane for knee and back pain and that her back issues are well documented in the record. (*Id.* at 7-8.) Second, regarding Dr. Cabaluna's opinion, Plaintiff points out that Dr. Cabaluna was presented with the option of specifically indicating that a cane was not medically necessary for Plaintiff but declined to do so. (*Id.* at 7.) Instead, Dr. Cabaluna only noted that it was not necessary for short distances on even surfaces, implying that it was necessary for longer distances and uneven surfaces. (*See id.* at 7-9.)

The Commissioner essentially summarizes that ALJ's opinion and argues that it is well supported. (*See* ECF No. 19.) The Commissioner also states that no doctor opined that Plaintiff required a cane. (*Id.* at 7.) Similarly, the Commissioner argues that Plaintiff did not demonstrate that she needed a cane as a functional limitation in her RFC. (*Id.* at 6.) The Commissioner does not address Plaintiff's arguments that the ALJ's erred because Plaintiff used a cane for back pain as well as knee pain and that Dr. Cabaluna's opinion implies that a cane was necessary for longer distances.

Plaintiff did not file a reply.

### ii. Whether substantial evidence supports the ALJ's residual functional capacity finding

In assessing a plaintiff's RFC, an ALJ must consider the combined effect of all the plaintiff's medically determinable physical and mental impairments, whether severe or non-severe. 20 C.F.R. § 404.1545(a)(2). An ALJ must also consider all the relevant medical evidence as well as other evidence, including subjective descriptions and observations of an individual's limitations by the individual and other persons (e.g., family, friends). *Id*. § 404.1545(a)(3). To the extent the evidence could be interpreted differently, it is the role of the ALJ to resolve conflicts and ambiguity in the evidence. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999). That said, an ALJ, not a doctor, is responsible for determining a plaintiff's RFC. *See id.* § 404.1546(c); *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015)

(noting that "the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC").

The ALJ's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). But the ALJ's findings may be set aside if they are not supported by substantial evidence. *See Thomas*, 278 F.3d at 954. The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F.3d at 1039; *see also Bayliss*, 427 F.3d at 1214 n.1. In determining whether the ALJ's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the [ALJ's] conclusion." *Reddick*, 157 F.3d at 720; *see also Smolen*, 80 F.3d at 1279.

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch*, 400 F.3d at 679; *Flaten*, 44 F.3d at 1457. Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

Here, the issue is whether substantial evidence supports the ALJ's RFC determination. More specifically, the question is whether substantial evidence supports the ALJ not factoring Plaintiff's alleged need to use a cane into her RFC. The ALJ's decision to not include Plaintiff's use of a cane in her RFC assessment appears to be based on her finding that (1) Plaintiff used the cane for her knee, but her knee was fairly normal and (2) Dr. Cabaluna's opinion that Plaintiff did not need to use a cane for short distances on even surfaces. *See* AR 36-37.

The court holds that substantial evidence does not support the ALJ's determination that Plaintiff did not need to use a cane. First, Plaintiff testified that she used a cane because of her knee and her back. AR 63-64. The ALJ implicitly rejected Plaintiff's testimony that she used a cane for her back by concluding that she only used a cane for her knee (and failing to discuss her

testimony that she used it for her back). Because an ALJ is obligated to give reasons germane to non-medical testimony before discounting it, it was error to reject Plaintiff's testimony about her back without comment. *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Second, the ALJ erred by interpreting Dr. Cabaluna's opinion to mean that Plaintiff did not need to use a cane at all. As previously discussed, Dr. Cabaluna examined Plaintiff and checked a box indicating that a cane was not needed for short distances on even surfaces. AR 447. She was also presented with the options of checking a box that a cane was not medically necessary at all or was medically necessary, but she chose neither of these options. *See id.* The ALJ interpreted Dr. Cabaluna's opinion to mean that no type of cane usage needed to be included in Plaintiff's RFC. This was not a reasonable inference based on the record. *See Batson*, 359 F.3d at 1193. Dr. Cabaluna's opinion suggests that Plaintiff may need to use a cane for longer distances or on uneven surfaces. It does not, however, suggest, that Plaintiff did not need a cane at all (as the ALJ's RFC reflects). If this were so, Dr. Cabaluna would have checked the box indicating that a cane was not medically necessary. The record also seems to indicate that a different doctor did, in fact, prescribe Plaintiff her cane for back pain. *See* AR 64, 105, 108. Accordingly, the ALJ erred by inferring from Dr. Cabaluna's opinion that Plaintiff did not need a cane. As such, the court will remand this matter for further proceedings consistent with this opinion regarding whether, and the extent to which, Plaintiff's use of a cane was medically necessary, and if and how this should have affected the ALJ's RFC assessment and questions to the vocational expert.

### III. CONCLUSION AND ORDER

Accordingly, IT IS THEREFORE ORDERED that Plaintiff's Motion for Reversal and/or Remand (ECF No. 13) is GRANTED.

IT IS FURTHER ORDERED that this case is remanded for further proceedings consistent with this opinion regarding whether, and the extent to which, Plaintiff's use of a cane was medically necessary, and if and how this should have affected the ALJ's RFC assessment and questions to the vocational expert.

IT IS FURTHER ORDREDED that the Commissioner's Cross Motion to Affirm and Response to Plaintiff's Motion for Summary Judgement and/or Remand (ECF Nos. 19, 20) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter judgment in favor of Plaintiff and against the Commissioner.

DATED: March 11, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE